"The jurors for the State upon their oath present, that within the county of Lenoir there now is, and from time immemorial there hath been, a certain common jail for the purpose of keeping in safe custody offenders and prisoners within the same, situate and being in the county of Lenoir, known by the name of the jail of Lenoir; and that on the first day of January, in the year of our Lord one thousand eight hundred and twenty-five, and continually from thence until the day of taking this inquisition, the said jail hath been and still is greatly ruinous, in decay, and out of repair, for want of needful and necessary repairing and amending the same, so that offenders and prisoners, during such time, could not, nor can they now, be kept and secured in safe and secure custody within the said jail, as they ought, and were wont to be, and still ought to be, to the great hindrance and obstruction of justice; and that (naming the justices), justices of the peace for the county of Lenoir, whose duty it is to amend and repair the same when and so often as it shall be necessary, have failed so to do; but negligently and unlawfully did permit the said jail to go to ruin and decay, contrary to the act of the General Assembly in such case made and provided, and against the peace and dignity of the State."
To this indictment defendants demurred, and the demurrer having been sustained below, Mr. Solicitor Miller, for the State, appealed.
There are some rules relative to indictments which it is indispensable to observe, notwithstanding the relaxation in point of form which is introduced by the act of 1811. The indictment must still contain a description of the crime, and a statement of the facts by which *Page 85 
it is formed, so as to identify the accusation; otherwise, the grand jury might find a bill for one offense and the defendant be put on his trial in chief for another.
The defendant ought, also, to know what crime he is called upon to answer, and the jury should appear to be warranted in their conclusion of "guilty or not guilty" upon the premises to be delivered to them. The court should, also, be enabled to see on the record such a specific crime that they may apply the punishment which the law prescribes; and the defendant should be protected by the conviction, or (196) acquittal, from any future prosecution.
These are elementary rules which must be substantially observed.
In ascertaining the duties imposed upon the justices in relation to jails, we find that the act of 1795, ch. 433, gives them power and authority to lay and collect taxes, from year to year as long as may be necessary, for the purpose of building, repairing, and furnishing their several courthouses and jails in such a manner as they shall think proper.
The other act of 1816, ch. 911, converts this authority into a positive duty, and directs that the justices shall, from time to time, lay a sufficient tax to erect and keep in good repair the public jail, courthouse, and stocks, in their respective counties. Without deciding whether the neglect of this duty is an indictable offense, it is obvious that the justices are not called upon to answer that charge, but one altogether distinct, viz., "negligently and unlawfully permitting the jail to go to ruin and decay."
There is no act which makes it the duty of the justices to repair the jail; and its going to ruin and decay may be the consequence of their neglecting the duty which is assigned, but the offense producing that consequence should be positively stated. Against the charge, if stated in the terms of the act, they might have a defense which they could not adduce in the present shape of the accusation; nor do I see how a conviction or acquittal on this indictment would protect them against a future prosecution for not laying the tax (supposing it to be indictable). The case of overseers of the road is very different from this; for the act makes it their positive duty to keep the roads in repair. A neglect in this point constitutes the indictable crime, and not the neglect of the preparatory steps, to which various penalties are annexed. For these reasons, without examining any other point that was made, I think the demurrer must be sustained.