• Rueetn, Judge.'
 

 There seems to be no reason to doubt the correctness of any of the opinions pronounced in the Superior Court, except that which relates to the force of the words
 
 u
 
 utter and publish,” in the third and fourth counts. They were held to he synonymous with
 
 u
 
 show forth in evidence.” The former phraseology is that of the statutes relating to counterfeit money; the latter, of the acts for punishing forgery of private instruments. The different subjects may, of themselves, account for the difference of the terms used ; and seem to require a different meaning» But títere is a decisive argument tó be drawn from the statute 5
 
 Eliz.c.
 
 14, from which ours is taken. The words of that statute are ■“ shall pronounce, publish or show forth in evidence” (of which this last expression is alone retained by us)
 
 u
 
 any such false or forged deed &c: as true, knowing the same -to he forged &c.
 
 (except being-attorney, lawyer or counsellor, he shall for his client, jdead, show forth or give in evidence such false or forged deed,, cfc. to the forging whereof he was not- party or privy,)
 
 and shall he thereof convicted, &c.” This plainly restrains 'the meaning of
 
 “
 
 showing forth or giving in evidence,” to a giving of the deed in evidence in a court of justice; and is alto • gether a different thing, from the mere exhibition of it
 
 in pais.
 
 The words “ pronounce and publish” in the English act are not found in ours. We are consequently constrained to construe the words in our own act, as the same words are used in that of
 
 Elizabeth.
 
 And the o mission of the other terms must be held to have been intentional in the legislature; and the more especially, as the acts against counterfeiting all have “utter and publish” in them, and omit “ show forth in evidence,”'
 

 
 *125
 
 p02¡eLiM™ofa forged order in pl.e^cd diher have forged befórgvd/un-t'd the contrary aPpear'
 

 A new trial must therefore be granted, altl.o’ the case Seems'fully to justify a conviction, upon the two first counts, for the forgery itself, if the testimony was enti-tied to credit enough to authorize the verdict giyen upon the other counts. That the order was not in the handwriting of the defendant did not rebut the legal presumption of his guilt. Being in possession of the forged order, drawn in his .own favor, were facts constituting complete proof, that either by himself or hy false conspiracy with others, he forged or assented to the forgery of the instrument — that he cither did the act or it to be done — until he 'showed the . actual perpetrator, and that ho himself was not privy. It is very different from having a counterfeit hank note. That is an instrument current in its nature and use, and may well come innocently to one’s hands. But it is next to impossible, that the defendant could get possession of such an instrument as this, purporting -to he for his own benefit, without having fabricated, or aided in the fabrication of it. If the instrument be a forgery, he who holds it under such, ch’cumstanccs Is taken to be the forger, unless ho shows the contrary.
 

 But for the error already mentioned, the verdict must. be set aside, and the case go to another jury.
 

 Per Curiam — Judgment reverse»', ■