STATE v. BENJAMIN LANE.

*Forgery—Indictment—Sufficiency of Evidence.*

In an indictment for forgery, the defendant was charged with the forgery of the following order—"Dulks & Helker : You will please pay to the boy $3.00 in merchandise and oblige, J. B. Runkins." On the trial it was proved that the true name of the alleged drawer was J. B. Rankin and of the drawee firm Helker and Duts, that defendant could not write, and that he had obtained merchandise from Helker and Duts on the faith of the forged order ; *Held,*

(1) That the indictment charges an offence at common law.

(2) That the variations in the spelling of the names of the drawer and drawees fall within the principle of *idem sonans,* and the reversed order in which the names of the drawee firm are put is not a material and fatal variance.

(3) That the possession of the forged order and his obtaining merchandise thereon, constituted complete proof that the defendant had either forged or assented to the forgery of the instrument; and the fact that he could not write did not rebut the legal presumption of his guilt.

(*State* v. *Britt,* 3 Dev., 122 ; *State* v. *Morgan,* 2 Dev. & Bat., 348 ; *State* v. *Patterson,* 2 Ire., 346, cited and approved.)

INDICTMENT for Forgery tried at Fall Term, 1878, of MECKLENBURG Superior Court, before *Schenck, J.*

The facts appear in the opinion. Verdict of guilty, judgment, appeal by defendant. See *State* v. *Leak, ante,* 403.

*Attorney General,* for the state.

No counsel in this court for the defendant.

SMITH, C. J. The indictment charges that the defendant unlawfully, wilfully, of his own head and imagination, did willingly and falsely forge and make, and did willingly and falsely cause to be made and forged, a written order in the following words: "Dulks & Helker—You will please to

pay to the boy $3.00 in merchandise, and oblige—J. B. Runkins," with the other usual and necessary averments.

At the trial "J. B. Runkins" testified that his proper name was J. B. Rankin and not J. B. Runkins, and that the signature to the order was a forgery.

It was also shown that the partnership firm upon whom the order was drawn and by whom it was recognized and filled was Helker & Duts.

It was in evidence that the defendant called at the store of Helker & Duts and asked if "Col. Runkins had left an order for him," and being told that he had not, the prisoner said, "I will go and get an order from Col. Runkins." After a short absence he returned with the order, presented it, and received goods of the value of three dollars in payment. It was proved that the defendant could not write.

The court charged the jury that if from the evidence they believed the defendant caused the instrument to be written and forged and obtained goods by means of it, he would be guilty.

1. After verdict the defendant's counsel moved the court for a *venire de novo* because he was shown to be unable to write, which was refused.

2. For an arrest of judgment for the reason that the verdict was unauthorized by the evidence, and was void for uncertainty, which was also denied.

The form of the indictment charges an offence at common law as we have decided at this term in *State* v. *Leak, ante,* 403.

The evidence fully warranted the finding of the jury.

In *State* v. *Britt,* 3 Dev., 122, RUFFIN, J., says : "That the order was not in the hand-writing of the defendant did not rebut the legal presumption of his guilt. Being in possession of the forged order, drawn in his own favor, were facts constituting *complete proof* that either by himself or by false conspiracy with others, he forged or assented to the forgery of the instrument; that he either did the act or *caused it to be*

STATE *v.* LANE.

*done* until he showed the actual perpetrator and that he himself was not privy." To the same effect is *State* v. *Morgan*, 2 Dev. & Bat., 348. It is wholly immaterial whether the defendant himself forged the order or procured and caused it to be done. In either case his guilt is the same.

The variation from the true in the spelling of the forged name is not fatal to the prosecution. It falls within the principle *idem sonans*, and it is quite manifest from the defendant's own manner of pronouncing the name, who is pointed out and intended as the maker of the instrument.

The same answer may be given to the objection based upon the misdescription of the names of the drawee firm, and of its constituent members.

The difference is slight and creates no uncertainty as to who were meant. The reversed order in which their names are called, as constituting the firm, while the name of each within the rule is correctly given, is not a substantial and fatal variance. The defendant presented the order to the firm, the firm answered to the name, and furnished the goods, and this mutual recognition sufficiently identifies the parties mentioned in the indictment. *State* v. *Patterson*, 2 Ire., 346.

There is no error in the rulings of the court to which the defendant excepts. The forgery charged in the indictment is not within the statute, Bat. Rev., ch. 32 § 58, as we have already determined in a similar case, but an offence at common law, the punishment of which was fine, imprisonment and pillory, 4 Black. Com., 247, for the latter of which a substitue is provided in same chapter, § 29.

This will be certified to the end that judgment may be pronounced on the verdict according to law.

PER CURIAM.   No error.