The indictment was as follows: "The jurors," etc., "present that (defendants), with force and arms, at and in said county, being justices of the peace in and for Sterling Township, and invested by law with the supervision and control of the public roads in said township, and chargeable with the maintenance, care and repair of said roads, unlawfully, willfully and negligently did allow and permit said roads at Hog Swamp, in said township, to become out of repair, dangerous and impassable; and after the said roads had become so out of repair, dangerous and impassable, as aforesaid, the said Britt, Surles, Nye and Floyd, said justices of the peace, chargeable as aforesaid, *Page 799 
did unlawfully, willingly and knowingly allow and permit (1256) said roads so to remain out of repair, dangerous and impassable as aforesaid, to the great damage of the people, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State."
From the judgment of the court quashing the indictment, the solicitor for the State appealed.
The Code, ch. 50, sec. 1, imposes upon justices of the peace the supervision and control of the public roads in their several townships. Other sections of the same chapter specifically point out the duties required of and the powers conferred upon these justices — supervisors of the roads — and give a definite meaning to the words "supervision," "control"; and section 2024 provides that, "If any board of supervisors shall fail to make said report (annual report of the condition of the roads in their townships to the Superior Court) or to discharge any other duty imposed by this chapter, they shall be guilty of a misdemeanor." The defendants, being justices of the peace, were indicted for unlawfully, willfully and negligently allowing and permitting the portion of the roads in their townships to become out of repair and permitting them to remain so. An examination of the sections of The Code to which we have referred will make it appear clearly that it is no part of the duty of the supervisors of roads to put or to keep in repair the roads of their township. Their duty is to divide the roads into sections, appoint overseers for the sections, allot hands to the overseers, designate the points to which each resident shall be liable to work, and give notice to the overseers in writing of their appointment. It is the duty of (1257) the overseer to superintend the hands and to put and keep the roads in order. S. v. Comrs., 15 N.C. 345; S. v. Justices, 11 N.C. 194. The motion to quash the indictment in the court below was sustained, and there is no error in the ruling of his Honor.
Affirmed.