STATE v. PETERSON.

(Filed December 3, 1901.)

1. FORGERY—*Indictment—Lost Instruments—Practice.*

An indictment for forgery need not allege the loss of the forged instrument, and in the absence of the instrument only its substance need be charged.

2. EVIDENCE—*Forgery—Lost Instruments.*

Where it is shown that a forged instrument is lost, it is competent for a witness to give its substance from memory.

3. EVIDENCE—*Sufficiency—Forgery.*

It appearing that a defendant was in possession of a forged note, attempting to pass it, this was sufficient evidence to submit to the jury.

4. DRUNKARDS—*Voluntary—Intoxication—Insanity.*

Voluntary drunkenness is never an excuse for crime.

5. EVIDENCE—*Revenue Stamp—Forgery.*

The absence of a revenue stamp upon a forged note has no bearing upon the question of forgery of the instrument.

6. PRESUMPTIONS—*Forgery.*

Where one is found in possession of a forged instrument, endeavoring to pass it, he is presumed either to have forged or consented to the forging of it.

INDICTMENT for forgery against L. R. Peterson, heard by Judge *W. B. Council* and a jury, at July Term, 1901, of the Superior Court of CATAWBA County. From a verdict of guilty and judgment thereon, the defendant appealed.

*Brown Shepherd,* for *R. D. Gilmer, Attorney-General,* for the State.

*Self & Whitener,* and *L. L. Witherspoon,* for the defendant.

CLARK, J.   In an indictment for forgery, it is not necessary to allege loss of the instrument in the indictment, and
in the absence of the instrument, only its substance need be
charged.   2 McClain Criminal Law, sec. 805; *Mead v. State,*
53 N. J., 601; *People v. Badgely,* 16 Wend., 53; *State v.
Callahan,* 124 Ind., 364, though it would be better practice
in such cases to aver the loss of the instrument, or that it is
in defendant's possession.   The instrument being shown to
be lost, the witness stated he could not give the entire contents of the note *verbatim,* but could give its substance.   This
was competent.   *State v. Lowry,* 42 W. Va., 205; *Com. v.
Snell,* 3 Mass., 82; 13 Am. and Eng. Enc. (2d Ed.), 111.

The Court properly refused to charge that there was no
evidence to go to the jury.   Even if there had been no other
evidence, the defendant being in possession of the forged instrument attempting to utter, pass or deliver it, was evidence,
and the Court charged, at request of defendant, that the jury
should not convict unless they were satisfied beyond a reasonable doubt that the defendant did so attempt for personal
gain or a fraudulent purpose.

The evidence did not authorize the Court to give the instruction asked as to drunkenness.   Voluntary drunkenness
is never an excuse for crime..   *State v. Kale,* 124 N. C., and
cases cited at page 819; *Howard v. State,* 36 S. W., 475.

The absence of a revenue stamp has no bearing upon the
inquiry whether the defendant forged the paper-writing,
though not decorated with such stamp.   1 Randolph Com.
Paper, sec. 213; *State v. Hill,* 30 Wis., 416; *Thomas v. State,*
(Tex. Cr. App.), 46 L. R. A., 454, 76 Am. St. Rep., 240.
And such is the law in England also.   Hawkeswood's case,
2 East P. C., 955.

The defendant excepted to the charge because of the following instructions: "(1) Where one is found in the possession of a forged instrument and is endeavoring to obtain
money or advances upon it, this raises a presumption that

defendant either forged or consented to the forging such instrument, and nothing else appearing the person would be presumed to be guilty." In this there was no error. *State v. Morgan,* 19 N. C., 348; *State v. Britt,* 14 N. C., 122; *State v. Lane,* 80 N. C., 407; *State v. Allen,* 116 N. C., 548. "(2) If you are satisfied beyond a reasonable doubt that the paper (in this case the note) was a forgery, and that the defendant had it in his possession and tried to obtain money from Crowell or Shuford or the bank upon it, then this raises a presumption of guilt, and, unless he has rebutted it, you will return a verdict of guilty." This is also warranted by the precedents. 2 McClain Cr. Law, sec. 809, and cases there cited.

No Error.