DICKERSON *v.* DAIL.

admit of discussion as to its meaning. The evident purpose of the draftsman was to convey one undivided half of the land to the husband, and the other undivided half to the wife.

R. T. DICKERSON v. E. E. DAIL.

(Filed 18 September, 1912.)

1. Appeal and Error — Evidence — Questions Ruled Out—Expected Answers—Prejudice.

It must appear on appeal that the objecting party has been prejudiced by the exclusion of evidence; and when questions are ruled out there must be a statement of what the answers of the witnesses were expected to be, for the appellate court to pass upon whether reversible error had been committed.

2. Damages—Facts in Mitigation—Evidence—Pleadings.

For evidence to show facts in mitigation of damages to be competent, the facts must be alleged in the answer.

APPEAL by plaintiff from *O. H. Allen, J.,* at January Civil Term, 1912, of PITT.

This is an action to recover damages for slander, the plaintiff alleging that the defendant had charged that he had stolen certain hoes.

There was a verdict and judgment for the plaintiff, and the defendant appealed.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Allen.*

*W. F. Evans for plaintiff.*
*F. C. Harding and Harry Skinner for defendant.*

NEW BERN *v.* R. R.

ALLEN, J. The exceptions set out in the record relate to rulings upon the evidence, and all belong to one of two classes.

In the first class the questions are set out, but there is no statement as to the answer of the witness when the question was admitted, nor as to the evidence sought to be elicited when it was excluded; and as we cannot see that the defendant has been prejudiced, the exceptions cannot be sustained. *S. v. Leak,* 156 N. C., 643.

If, however, the evidence was of the character indicated on the argument, we are of opinion that there was no error in the rulings of the court.

The other exceptions relate to the exclusion of evidence as to facts in mitigation of damages, which are not alleged in the answer, and it is settled that such evidence is not admissible. *Upchurch v. Robertson,* 127 N. C., 127.

We find no error.

Affirmed.