STATE v. HECTOR LITTLE.

(Filed 14 November, 1917.)

1. **Appeal and Error—Instructions—Contentions—Objections and Exceptions.**
　　Objections to the statement by the judge of the contention of a party must be made to him at the time, so that if it is erroneous he may have an opportunity to correct it.

2. **Courts—Instructions—Contentions—Improper Remarks.**
　　In this case the State relied upon the evidence of a witness who had been employed as a detective to convict the defendant of a sale of liquor in violation of the prohibition law, with conflicting contentions upon the evidence that this witness had been previously convicted of violating the same law and was not worthy of credence. A statement of the contentions of the parties by the judge to the jury, in his own language, that "Birds of a feather will flock together"; that the witness, "having been convicted of unlawful sales of whiskey before this trial, would be likely to know who sells liquor in violation of the law," is not held objectionable as an improper remark.

**3. Evidence—Credibility—Witnesses—Jurors—Trials.**

It is within the province of the jury to weigh the testimony and to sift the true from the false, and they may believe a witness of bad character in preference to a witness of good character.

**4. Jurors—Selection—Right of Party—Discharge of Jurors—Courts.**

The right of a defendant in a criminal action is to reject jurors and not to select them, and he cannot complain that the court has discharged jurors on the day preceding the trial of his case, unless it is made to appear that he has in some legal way been prejudiced.

INDICTMENT for selling liquor, tried before *Long, J.,* and a jury, at July Term, 1917, of RICHMOND.

Defendant was convicted, and appealed from the judgment.

*Attorney-General Manning and Assistant Attorney-General Sykes for the State.*

*Fred. W. Bynum and Ozmer L. Henry for defendant.*

WALKER, J. The charge against the defendant was that he had sold one quart of whiskey to W. E. Reynolds, and the principal exceptions were taken to the remarks of the judge, in his charge, in regard to the latter, who was the State's chief witness.

1. We do not see any merit in the exceptions. When the judge referred to the expression that "Birds of a feather will flock together," and "that Reynolds, having been convicted of unlawful sales of whiskey before this trial, would be likely to know who sells liquor in violation of the law," he was merely stating what the contention of the State was, in its own language, and laid no improper emphasis on the contention. It was the legitimate argument of the State in its effort to bolster the testimony of Reynolds, whom it thought needed some propping on account of his previous bad record. It was contended by the solicitor that the State was compelled, in many cases, to resort to such men as witnesses, in order to detect and convict the guilty, as they were apt to know more about such violations of the law than any one else, and for this reason Reynolds was entitled to credence. Objections to the statement by the judge of the contentions of a party should be made to him at the time, so that he may have an opportunity for correction, if it is erroneous. This is settled by the following cases: *S. v. Foster,* 172 N. C., 960; *S. v. Merrick, ib.,* 870; *S. v. Johnson, ib.,* 920; *S. v. Burton, ib.,* 939; *McMillan v. R. R., ib.,* 853.

2. The objection embodied in the second exception is of the same character as the one just considered. The court was only stating what the State had contended in the solicitor's address to the jury, viz., that the chief of police, who had testified, did not say that the money was handed by Reynolds to the defendant, who delivered the bottle of whiskey to

51—174

Reynolds, but the contention of the State was that the circumstances, as shown by the chief of police, corroborated the testimony of Reynolds that he bought the liquor from the defendant with the money given to him by the chief of police. That Baldwin corroborated Reynolds was stated by the court as a part of the contention.

3. The same may be said of the next objection, except that it is taken to a statement, by the judge, of the defendant's contention, viz., that Reynolds' own testimony was discredited by the fact of his admission that he was to be paid for his services as a detective, and therefore he was interested in the verdict.

The court charged that a jury may believe a witness of bad character who they think is telling the truth, and disbelieve one of good character if they think that he is not stating the truth. We can find no fault in this instruction. It would seem to be plainly correct. It is the province of the jury to weigh the testimony and to sift the true from the false. *S. v. Spencer,* 63 N. C., 316; *S. v. Gay,* 94 N. C., 814. As to the exception relating to the discharge of certain jurors in another case the day before, we do not perceive how this prejudiced the defendant. No prejudice appears, and what does not appear is supposed not to exist. The right of the accused, with respect to jurors, is one to reject and not to select. *S. v. Gooch,* 94 N. C., 987; *S. v. Hensley,* 94 N. C., 1021; *S. v. Green,* 95 N. C., 613; *S. v. Jones,* 97 N. C., 469; *S. v. McDowell,* 123 N. C., 764; *S. v. Barber,* 113 N. C., 712. The defendant had an unobjectionable jury to try the case, and a fair opportunity to acquit himself, and he cannot justly ask for more.

The other objections are merely formal.

No error.