STATE v. J. E. JESTES.

(Filed 16 May, 1923.)

**1. Appeal and Error—Evidence—Subsequent Admission.**

The admission of evidence upon the trial that had formerly been excluded does not constitute reversible error for its prior exclusion.

**2. Appeal and Error—Evidence—Questions and Answers—Record.**

The expected answers to questions excepted to must appear of record on appeal, in order that the court may pass upon the question of error in the exclusion of the questions.

**3. Appeal and Error—Objections and Exceptions—Instructions—Contentions—Waiver—Record.**

Exception to the judge's statement to the jury of appellant's contentions will not be considered on appeal when for the first time noted in his assignments of error, for then they are deemed as waived by him.

**4. Criminal Laws—Bills and Notes—Alteration—Forgery—Instructions —Presumptions—Evidence—Rebuttal.**

Where there is evidence that the one in whose possession a promissory note had been given, forged the payee's name thereon and had it discounted at the bank, and used the money thus obtained, an instruction that if the jury so found the facts beyond a reasonable doubt, it would raise a presumption of the defendant's guilt in forging the name of the endorser and altering the note, which the defendant was required to rebut, is not erroneous. *S. v. Patterson*, 129 N. C., 556, cited and applied.

APPEAL by defendant from *McElroy, J.,* at Fall Term, 1922, of AVERY.

The following is a brief statement of the material facts: The defendant sold a tract of land to his brother, J. W. Jestes, for $1,200, and bought a tract from W. H. Byrd for $2,000. Defendant was to pay Byrd $1,000 cash, and was to secure the balance by a deed of trust on the land. The defendant testified he paid this $1,000 as follows: $100 in cash to bind the trade, $600 received from his brother, and a note for $300 dated 27 February, 1920, signed by his brother, J. W. Jestes, Charlie Coffey, and J. L. Fox, and made payable to W. H. Byrd six months after date. The $600 payment and the note were a part of the $1,200 due the defendant by J. W. Jestes. The defendant contended that the note for $300 was sent by J. W. Jestes to W. H. Byrd without coming into the possession of the defendant. The State contended J. W. Jestes gave the note to the defendant for delivery to Byrd, and that instead of delivering the note as directed, the defendant endorsed Byrd's name on the note and signed his own name under Byrd's and had the note discounted at the Bank of Banner Elk without Byrd's knowledge or consent.

The indictment contains two counts. The first charges the defendant with forging the name of Byrd as endorser, and the second with unlawfully altering the note. The defendant was convicted on both counts. Judgment was pronounced, and he appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*G. A. Love and Harrison Baird for defendant.*

ADAMS, J. A close investigation convinces us that there is no error in the record. The first five exceptions relate to the exclusion of evidence, but neither exception can be sustained. In several instances the excluded evidence was afterwards admitted, and in the others it does not definitely appear what the answers would have been. *Dickerson v. Dail,* 159 N. C., 541; *In re Edens,* 182 N. C., 398; *Snyder v. Asheboro, ibid.,* 708.

The evidence for the State tended to show that the defendant had altered not only the note in question, but other papers as well, and to his Honor's statement of the contentions in regard to these changes the defendant excepted. He did not object at the time, but afterwards incorporated the objection in his statement of case on appeal as one of the "errors assigned and to be assigned," and thereby waived the exception. *S. v. Little,* 174 N. C., 800; *S. v. Merrick,* 172 N. C., 870; *S. v. Johnson, ibid.,* 920; *S. v. Foster, ibid.,* 960.

Exception was taken to the following paragraph in his Honor's charge: "If you are satisfied beyond a reasonable doubt that the endorsement of W. H. Byrd on the $300 note was a forgery, and that the defendant had it in his possession and obtained money from the Bank of Banner Elk on it, then this raises a presumption of the guilt of the defendant, and unless he has rebutted it, you will return a verdict of guilty."

The exception must be overruled. The instruction is almost of a literal quotation from the decision in *S. v. Peterson,* 129 N. C., 556, and is supported by *S. v. Britt,* 14 N. C., 122; *S. v. Morgan,* 19 N. C., 348; *S. v. Lane,* 80 N. C., 407.

No error.