The following is a brief statement of the material facts: The defendant sold a tract of land to his brother, J. W. Jestes, for $1,200, and bought a tract from W. H. Byrd for $2,000. Defendant was to pay Byrd $1,000 cash, and was to secure the balance by a deed of trust on the land. The defendant testified he paid this $1,000 as follows: $100 in cash to bind the trade, $600 received from his brother, and a note for $300 dated 27 February, 1920, signed by his brother, J. W. Jestes, Charlie Coffey, and J. L. Fox, and made payable to W. H. Byrd six months after date. The $600 payment and the note were a part of the $1,200 due the defendant by J. W. Jestes. The defendant contended that the note for $300 was sent by J. W. Jestes to W. H. Byrd without coming into the possession of the defendant. The State contended J. W. Jestes gave the note to the defendant for delivery to Byrd, and that instead of delivering the note as directed, the defendant endorsed Byrds name on the note and signed his own name under Byrd's and had the note discounted at the Bank of Banner Elk without Byrd's knowledge or consent. *Page 773 
The indictment contains two counts. The first charges the defendant with forging the name of Byrd as endorser, and the (736) second with unlawfully altering the note. The defendant was convicted on both counts. Judgment was pronounced, and he appealed.
A close investigation convinces us that there is no error in the record. The first five exceptions relate to the exclusion of evidence, but neither exception can be sustained. In several instances the excluded evidence was afterwards admitted, and in the others it does not definitely appear what the answers would have been. Dickerson v. Dail, 159 N.C. 541; In re Edens,182 N.C. 398; Snyder v. Asheboro, ibid., 708.
The evidence for the State tended to show that the defendant had altered not only the note in question, but the papers as well, and to his Honors statement of the contentions in regard to these charges the defendant excepted. He did not object at the time, but afterwards incorporated the objection in his statement of case on appeal as one of the "errors assigned and to be assigned," and thereby waived the exception. S. v. Little,174 N.C. 800; S. v. Merrick, 172 N.C. 880; S. v. Johnson, ibid., 920;S. v. Foster, ibid, 960.
Exception was taken to the following paragraph in his Honor's charge: "If you are satisfied beyond a reasonable doubt that the endorsement of W. H. Byrd on the $300 note was a forgery, and that the defendant had it in his possession and obtained money from the Bank of Banner Elk on it, then this raises a presumption of the guilt of the defendant, and unless he has rebutted it, you will return a verdict of guilty."
The exception must be overruled. The instruction is almost of a literal quotation from the decision in S. v. Peterson, 129 N.C. 556, and is supported by S. v. Britt, 14 N.C. 122; S. v. Morgan, 19 N.C. 348; S. v.Lane, 80 N.C. 407.
No error.
Cited: Barbee v. Davis, 187 N.C. 85; S. v. Ashburn, 187 N.C. 722; S.v. Collins, 189 N.C. 19; Newbern v. Hinton, 190 N.C. 111; Rawls v.Lupton, 193 N.C. 430; S. v. Coleman, 215 N.C. 718; S. v. Bailey,260 N.C. 783; S. v. Welch, 266 N.C. 295. *Page 774 
(737)