### STATE v. JIMMIE WELCH.

(Filed 14 January, 1966.)

**1. Criminal Law § 162—**

In this prosecution for forgery, in which the State introduced evidence of defendant's guilt of forging and uttering four checks, the introduction in evidence of two other checks which had been forged, but which were not referred to in the indictment and which were not connected with them by evidence, and which the court thereafter instructed the jury not to consider, *held* not prejudicial.

**2. Forgery § 2—**

Evidence tending to show that the name of the maker of a check was forged, that defendant forged an endorsement, and obtained value therefor, is sufficient to overrule defendant's motion for nonsuit, and the fact that there was no evidence that the name of the payee was forged is immaterial.

APPEAL by defendant from *Copeland, S.J.,* 14 June 1965 Special Criminal Session of MECKLENBURG.

Defendant was charged in four separate bills of indictment, in Cases Nos. 44-597, 44-598, 44-599 and 44-601, each indictment reading as follows:

"THE JURORS FOR THE STATE UPON THEIR OATH PRESENT, That Jimmie Welch, late of the County of Mecklenburg, on the 23rd day of April, A.D. 1965, at and in the County aforesaid, unlawfully and feloniously, of his own head and imagination, did wittingly and falsely make, forge and counterfeit,

and did wittingly assent to the falsely making, forging and counterfeiting a certain check, which said forged check is as follows, that is to say: (a facsimile of which check is attached to and contained in the Indictment included in the Record Proper) with intent to defraud, against the form of statute in such case made and provided, and against the peace and dignity of the State.

"And the Jurors Aforesaid, Upon Their Oath Aforesaid, do Further Present, That the said Jimmie Welch afterward, to wit, on the day and year aforesaid, at and in the County aforesaid, wittingly and unlawfully and feloniously did utter and publish as true a certain false, forged and counterfeited check is (*sic*) as follows, that is to say: (A facsimile of which check is attached to and contained in the Indictment included in the Record Proper) with the intent to defraud—he, the said Jimmie Welch at the time he so uttered and published the said false, forged and counterfeited check then and there well knowing the same to be false, forged and counterfeited—against the form of the statute in such case made and provided, and against the peace and dignity of the State."

All four checks were dated 23 April 1965 and were drawn for the same amount, to wit, $84.62, payable to Edwin Calvert Baucom. Each check was drawn on the printed check of A B C Auto Parts and Body Shop, 321 Summit Avenue, Charlotte, North Carolina, and purportedly signed by W. C. Newland, owner of said establishment.

The State's evidence tends to show that check No. 575, State's Exhibit No. 1, was cashed at Norman's Market, in Charlotte, on 26 April 1965. Defendant presented this check in payment of groceries amounting to fifteen or twenty dollars. For identification, defendant presented a driver's license, No. 2105283, issued in the name of Edwin Calvert Baucom.

Check No. 561, State's Exhibit No. 2, was cashed at Benson Sedgefield Drugs, Inc., in Charlotte, on 26 April 1965, by defendant, who had purchased merchandise, mostly cosmetics, in the approximate amount of fifteen dollars. This check was already endorsed when presented, and for identification the defendant presented a driver's license, No. 2105283, issued in the name of Edwin Calvert Baucom.

Check No. 577, State's Exhibit No. 3, was cashed on 26 April 1965 at an Esso Station, owned and operated by William Gray McArver, on West Boulevard and Remount Road, in Charlotte. Defendant purchased a tire and tendered the check in payment. He en-

dorsed the check by signing the name Edwin Calvert Baucom on the back thereof in the presence of the employee who cashed it.

Check No. 573, State's Exhibit No. 4, was cashed at Harris-Teeter Super Markets, in Charlotte, on 26 April 1965. This check was presented to the cashier by defendant who presented for identification a driver's license, No. 2105283.

Each of the foregoing checks was duly deposited and returned unpaid by the Bank of Charlotte, Charlotte, North Carolina.

The four cases were consolidated for trial.

The State's evidence further tends to show that sometime during April 1965, forty-two of the printed blank checks of the A B C Auto Parts and Body Shop were removed from its check book, being checks Nos. 551 through 592 inclusive; that W. C. Newland, the owner of said establishment and whose name purported to be signed as the maker of each of the foregoing checks set out in the respective bills of indictment, testified that he did not sign any of the four checks described and did not authorize the defendant or any other person to do so.

Lawrence A. Kelley, a witness for the State, who was found to be an expert in handwriting, testified that he examined the signature of W. C. Newland appearing on the State's exhibits and also made a comparison of the endorsement of Edwin Calvert Baucom, and, in his opinion, both names were written by the same person. The defendant wrote the names W. C. Newland and Edwin Calvert Baucom several times on a paper which was introduced in evidence as State's Exhibit No. 15. The handwriting expert testified that he made a comparison of defendant's handwriting appearing on State's Exhibit No. 15 with the names W. C. Newland and Edwin Calvert Baucom appearing on the four checks involved herein, and, in his opinion, the names on such checks were written by the same person who wrote the names on State's Exhibit No. 15.

The jury returned a verdict of guilty in each case as charged in the bills of indictment, and from the judgments imposed thereon the defendant appeals, assigning error.

*Attorney General Bruton, Deputy Attorney General Harry W. McGalliard for the State.*

*W. Herbert Brown, Jr., for defendant.*

DENNY, C.J. The defendant assigns as error the State's testimony with respect to checks Nos. 560 and 578, which were not the subject of any of the indictments involved in the trial. Over the objection of the defendant, the testimony was admitted on the assurance of the solicitor that such evidence would be connected with

the indictments. The jury was instructed that the evidence was admitted only on such condition. No such evidence was offered, and the court instructed the jury to disregard the evidence as to these extra checks. When the court charged the jury, the jury was again instructed to disregard the evidence with respect to such checks.

Checks Nos. 560 and 578 were two of the printed checks of the A B C Auto Parts and Body Shop that had been stolen from the office of such establishment. The only evidence elicited from the witness W. C. Newland was whether or not the name W. C. Newland, appearing on these respective checks as the purported maker thereof, was his signature, and he testified that it was not. These checks were not admitted in evidence, and no evidence was admitted disclosing to whom such checks were made payable or whether or not the checks had been endorsed and negotiated.

It is a little difficult to understand why the solicitor felt it necessary to introduce evidence with respect to these two checks. However, in our opinion, under the facts and circumstances disclosed by the record on this appeal, this evidence was not sufficiently prejudicial to warrant a new trial and we so hold. This assignment of error is overruled.

The defendant assigns as error the ruling of the court below in denying his motion for judgment as of nonsuit at the close of the State's evidence. Defendant rested at the close of the State's evidence and renewed his motion for judgment as of nonsuit which was again denied.

The appellant contends that the State's evidence is insufficient to withstand his motion for judgment as of nonsuit in that the State did not show Edwin Calvert Baucom, the purported payee, had not authorized him to endorse these checks. This contention is without merit. The defendant is charged in the bills of indictment with the forgery of these checks and with uttering them. When the State offered evidence to the effect that W. C. Newland never signed any of these checks and never authorized the defendant or any other person to do so, and further offered evidence to the effect that the defendant forged, endorsed and passed these checks and received the face value of $84.62 on each check, the State's evidence was sufficient to carry the case to the jury.

The State's evidence also tended to show the essential elements required to establish forgery as laid down in *S. v. Phillips*, 256 N.C. 445, 124 S.E. 2d 146, and *S. v. Dixon*, 185 N.C. 727, 117 S.E. 170, as follows: "(1) There must be a false making or other alteration of some instrument in writing; (2) there must be a fraudulent intent; and (3) the instrument must be apparently capable of effecting a fraud."

In the cases of *S. v. Peterson*, 129 N.C. 556, 40 S.E. 9, 85 Am. St. Rep. 756, and *S. v. Jestes*, 185 N.C. 735, 117 S.E. 385, this Court upheld a charge to the effect .that "(w)hen one is found in the possession of a forged instrument and is endeavoring to obtain money or advances upon it, this raises a presumption that defendant either forged or consented to the forging such instrument, and nothing else appearing the person would be presumed to be guilty." 164 A.L.R. Anno. — Possession or Uttering of Forged Paper, page 625.

The remaining assignments of error are without sufficient merit to justify disturbing the verdict below, and they are overruled.

No error.