887 F.2d 1078
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Donald O'Neal BARROW, Petitioner-Appellant,
v.
Aaron JOHNSON, Secretary of Corrections; Attorney General
North Carolina, Respondents-Appellees.
 No. 88-7627.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 24, 1989.
Decided: Sept. 11, 1989.
 
 Bowen C. Tatum, Jr., on brief, for appellant.
 Lacy H. Thornburg, Attorney General, Clarence J. DelForge, III, Associate Attorney General, Department of Justice, on brief, for appellees.
 Before DONALD RUSSELL and WIDENER and K.K. HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Convicted of both forging and uttering forged instruments in violation of North Carolina General Statutes 14-119 and 14-180, the petitioner was sentenced in State Court to a prison term. On appeal, that conviction was affirmed by the North Carolina Court of Appeals, 86 N.C.App. 112, 356 S.E.2d 836, cert. denied, and by the North Carolina Supreme Court, 320 N.C. 634, 360 S.E.2d (1981). The petitioner then filed this habeas petition, contending that the evidence was insufficient to support his forgery convictions under the standard established in Jackson v. Virginia, 443 U.S. 307 (1979). The district court dismissed the petition and we affirm the dismissal.
 
 
 2
 In reviewing the sufficiency of the evidence to support a state criminal conviction under Jackson, " 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " Sneed v. Smith, 670 F.2d 1348, 1352 (4th Cir.1982). The essential elements of forgery under North Carolina law are (1) the false writing of a check; (2) an intent to defraud; and (3) an apparent capability of the check to defraud. N.C.G.S. Sec. 14-119; State v. McAllister, 287 N.C. 178, 188, 214 S.E.2d 75, 83 (1975). These elements must be established either directly or inferentially. The petitioner asserts that there was an absence of proof of a forgery herein and that, therefore, the conviction was invalid. We disagree.
 
 
 3
 The evidence in this case showed that two checks of Crown Point Development Corporation were stolen. The authorized signature of Betty Thompson on the two checks, the secretary and bookkeeper of Crown Point, as well as the names of the two payees, was forged. While there was no direct evidence that the defendant forged the checks, it is settled that inferential evidence may tend to show forgery. The evidence is undisputed and ample that the defendant had possession of the forged checks and attempted to pass them. In such a case, the North Carolina law is well settled that a presumption arises that he either forged it or knew it was forged, and that the jury is free to accept or reject the presumption. See, e.g., State of Fleming, 52 N.C.App. 563, 279 S.E.2d 902 (1981), citing State of Welch, 266 N.C. 291, 145 S.E.2d 902 (1966). A permissive presumption does not violate due process when the jury can make a rational connection between the facts presented and an element of the crime to be presumed. Ulster County Court v. Allen, 442 U.S. 140, 156-57 (1979). We conclude that the evidence in this case satisfied the requirements of the Jackson standard. We accordingly affirm the judgment of conviction herein.
 
 
 4
 AFFIRMED.