State v. Coble

---

STATE OF NORTH CAROLINA v. GERRY ANTHONY COBLE, REGINALD GARNER AND WILEY SPINKS

No. 7419SC86

(Filed 6 February 1974)

1. Criminal Law §§ 91, 92— motion for continuance — motion for separate trials — one defendant asked about compliance with lower court judgment

   The trial court did not err in the denial of defendants' motions for continuance and for separate trials made on the ground that one defendant had been branded as a previously convicted criminal when the solicitor called him before the court on another matter and, in the presence of the panel from which the jury was selected, inquired as to whether such defendant was ready to comply with a lower court

judgment "which is a monetary compliance," no reference having been made to any crime or conviction for crime.

**2. Criminal Law § 99— question by trial court — no expression of opinion**

   In a prosecution for breaking and entering of a store building and larceny of property therefrom, the trial court did not express an opinion on the evidence in asking the owner of the store whether he had authorized any of the defendants "to enter" his building. G.S. 1-180.

**3. Criminal Law § 42— chain of custody of exhibits**

   Where an SBI agent testified that he found red fibers at the crime scene and a pair of red fabric gloves in one defendant's automobile and retained possession of them until he mailed them to the fiber comparison division of the SBI office in Raleigh, and an SBI chemist testified that he received the fibers and gloves through the mails and retained them in his possession until he analyzed them and that in his opinion the fibers found at the crime scene were the same material as the fibers in the gloves, the State's evidence showed a sufficient chain of custody of the fibers and gloves to permit their admission in evidence, although there was no showing as to what happened to the two exhibits between the time they were analyzed by the chemist and the time they appeared at trial.

APPEAL by defendants from *Seay, Judge,* 11 June 1973 Session of Superior Court held in RANDOLPH County.

By separate indictments each of the three defendants was charged with (1) the felonious breaking and entering on 17 January 1973 of the building occupied by Ronald Coleman, doing business as the Stereo Shack, in Asheboro, N. C., and (2) the felonious larceny after such breaking and entering of described personal property having a value of $3,144.70. Over defendants' objections the three cases were consolidated for trial. All defendants pled not guilty. Ronald Coleman testified that on the morning of 17 January 1973 he found the door on his store broken open after it had been closed and properly locked on the previous night. He also testified concerning the nature and value of the property which was missing. An accomplice of defendants, Morris Dean Cockman, testified that he and the three defendants were the persons who broke into the store and stole the described merchandise therefrom. The State also presented evidence, some of which will be referred to in the opinion, corroborating Cockman's testimony. Defendants offered no evidence.

The jury found each defendant guilty as charged. From judgments imposing prison sentences, defendants appealed.

State v. Coble

*Attorney General Robert Morgan by Associate Attorney Norman L. Sloan for the State.*

*Miller, Beck & O'Briant by F. Stephen Glass for defendant appellants.*

PARKER, Judge.

[1]  Appellants assign error to denial of their motions for continuance and to consolidation of the cases for trial. They contend they were entitled to a continuance because shortly prior to their arraignment the solicitor called defendant Spinks before the court on another matter and, in the presence of the panel from which the jury was to be selected, the following colloquy occurred:

> Solicitor: "Your Honor, this matter is brought over from last week. The defendant moved to remand for compliance with the judgment in the lower court, which is a monetary compliance."
>
> "Are you ready to comply right now, Mr. Spinks?"
>
> Defendant Spinks: "No, sir."
>
> Solicitor: "Mr. Bell represents you?"
>
> "(Mr. Bell is called into the courtroom.)"
>
> "MR. BELL: Yes, Mr. Solicitor?"
>
> Solicitor: "Mr. Spinks remanded last week. He was given until today to comply."
>
> "MR. BELL: If your Honor please, he says he is not in a position to comply."
>
> "THE COURT: Then the motion is denied."

Appellants, noting that defendant Spinks neither testified nor placed his character in issue at the upcoming trial, argue that this exchange branded Spinks as a previously convicted criminal in the eyes of the panel from which the jury was subsequently selected, thereby at once prematurely introducing inadmissible evidence against him and denying all defendants their right to be tried before an impartial tribunal. We disagree.

The purportedly prejudicial dialogue, if the jury panel paid any attention to it at all, was no more than a brief and

ambiguous reference to some court proceeding which, so far as was disclosed to the prospective jurors, might well have been civil in nature. No reference was made to any crime or conviction for any crime, the only reference being to compliance with some judgment in the lower court, "which is a monetary compliance." Appellants' contention that this brief dialogue resulted in denying them a fair trial is simply without substance. Except where based upon a right guaranteed by the Federal or State Constitution, a motion for a continuance is addressed to the sound discretion of the trial court and the ruling of that court is not subject to review absent an abuse of discretion. *State v. Robinson,* 283 N.C. 71, 194 S.E. 2d 811. The same is true of the motion by the State to consolidate the cases for trial. *State v. Yoes,* 271 N.C. 616, 157 S.E. 2d 386. We find no abuse of discretion appearing from the present record in regard to the trial court's rulings on either motion, and accordingly find appellants' first two assignments of error without merit.

[2]  Appellants next assign as reversible error the action of the trial judge in asking a question of the State's witness, Ronald Coleman. In this connection the judge did not ask, as appellants' counsel states the question in their brief, whether *the witness had authorized any of the defendants "to break into" his building.* The judge merely asked: "Did you authorize either Gerry Anthony Coble, Reginald Garner, Wiley Spinks to enter your building?" The judge was careful to use the neutral phrase, "to enter," rather than the criminally pejorative expression, "to break in." While G.S. 1-180 prohibits the judge from expressing an opinion as to what has or has not been proven by the testimony of a witness, it is not improper, and is sometimes necessary, for the judge to ask questions of a witness in order to get the truth before the jury. *State v. Colson,* 274 N.C. 295, 163 S.E. 2d 376. Here, neither by repeated questioning nor by the phrasing of the limited question asked did the judge convey any impression of judicial leaning to the jury. No prejudicial error resulted.

[3]  Finally, appellants contend it was error to allow in evidence State's Exhibit 5, a test tube containing certain small red fibers which were found on a stereo tape cabinet in the premises which had been broken into, and State's Exhibit 6, a pair of red fabric gloves found in defendant Spinks's automobile. An SBI agent testified that he found the fibers and the gloves during the course of his investigation on the day after the break-

ing and entering and that he retained possession of them until he mailed them to the Chemical Section, Fiber Comparison, at the SBI office in Raleigh. The SBI chemist testified that he received these exhibits through the mails and retained them in his possession until he analyzed them by microscopic examination and chemical testing of the dyes, his analysis resulting in his opinion that the fibers in State's Exhibit 5 were the same material as the fibers in State's Exhibit 6. The record shows no objection to any of the foregoing testimony of the investigating SBI agent or the SBI chemist concerning Exhibits 5 and 6, defendants' sole objection being made only when the solicitor, at the conclusion of the chemist's testimony, offered the exhibits in evidence. Appellants contend it was error to allow the two exhibits in evidence because, so they argue, there was a break in the "chain of evidence" as to what happened to the two exhibits between the time they were analyzed by the State's chemist and the time they appeared at the trial. Appellants' contention is without merit. The evidence revealed a complete chain of custody from the time the exhibits were first obtained by the investigating SBI agent through the time of their subsequent analysis by the chemist. Thus, the State's evidence did show a "chain of custody" sufficient to demonstrate that the red fibers and red fabric gloves, recovered respectively from the Stereo Shack and Spinks's automobile, were the identical objects which subsequent laboratory analysis showed were made of the same material, thus assuring that the incriminating analysis was made on material actually connected with defendants rather than upon objects from some other source. This the State's evidence demonstrated, and thereafter the SBI chemist, who had performed the analysis, was free to identify the exhibits based on his personal experience with them. There was no error in allowing the exhibits in evidence.

The evidence of defendants' guilt was overwhelming. The record establishes that they received a fair trial free from prejudicial error.

No error.

Judges BRITT and VAUGHN concur.