STATE OF NORTH CAROLINA v. JOHN BERNICE VESTER

No. 747SC375

(Filed 5 June 1974)

1. **Criminal Law § 91; Indictment and Warrant § 13— motion for continuance — motion for bill of particulars — discretion of court**

    The trial court did not abuse its discretion in the denial of defendant's motions for a continuance and for a bill of particulars.

2. **Burglary and Unlawful Breakings § 5— breaking or entering — sufficiency of evidence**

    The State's evidence was sufficient for the jury in a prosecution for felonious breaking or entering of a house where it tended to show that the owner returned home and discovered a person crouched beside a fence behind the house, that such person struck the owner with a flashlight, that later the same night the owner identified defendant as the person who struck him, that a child's bank which had been in the house and had contained $10.00 was found at the spot where the owner first saw the intruder, and that a locked door inside the house had been kicked open, the absence of evidence of a breaking not being a fatal defect in such a prosecution.

APPEAL by defendant from *Webb, Judge,* October 1973 Criminal Session of Superior Court held in WILSON County.

Defendant was tried upon a bill of indictment charging him with felonious breaking and entering and larceny. He pleaded not guilty, was found guilty of breaking and entering, and, from judgment imposing prison sentence of not less than five nor more than seven years, he appealed.

*Attorney General Robert Morgan, by Assistant Attorney General James E. Magner, Jr., for the State.*

*Farris, Thomas and Farris, by Robert A. Farris, for defendant appellant.*

BRITT, Judge.

[1] First, defendant assigns as error the denial of his motions for a continuance of the trial and for a bill of particulars. It is clear that these motions were addressed to the discretion of the trial judge, and his rulings thereon will not be disturbed absent a showing of abuse of discretion. *State v. Coble,* 20 N.C. App. 575, 202 S.E. 2d 303 (1974) ; *State v. Robinson,* 15 N.C. App. 362, 190 S.E. 2d 270 (1972). We perceive no abuse of discretion in the ruling on either motion in the instant case. The assignment of error is overruled.

State v. Vester

[2] Defendant assigns as error the denial of his motion for nonsuit. The evidence favorable to the State is summarized in pertinent part as follows:

On 25 August 1973, Bobby Lee Moore and his family resided in a house located on the east side of U. S. 301 less than one-half mile north of Lucama, N. C. Around 10:00 p.m. on said date, Mr. Moore and his 15-year-old son returned home in an automobile. No other member of the family was at home at the time but the yard behind the house was well illuminated with floodlights. Near the back of the house was a brick fence about waist high on Mr. Moore. After alighting from the car, Mr. Moore walked into the backyard where he observed a person crouched down behind the brick fence. As Mr. Moore approached the person, he rose up and, while doing so, said twice, "I'm sorry, sir"; he then struck Mr. Moore on his head with a flashlight and ran away. The person who struck Mr. Moore was a white man, had a moustache, was wearing gloves and a gray and white striped cap like men who work on the railroad wear. Mr. Moore immediately notified police of the occurrence.

Soon thereafter, Mr. Moore went to the spot where he first saw the intruder and found a small "doggie" bank within arm's reach of the spot. The bank belonged to Mr. Moore's daughter; prior to that night it contained approximately $10.00 and was located in the daughter's room in the house. An inspection of the house revealed that an inside door, leading from a bedroom to a bathroom and usually kept locked, had been kicked open. The hook on the door was broken, and part of the wood was splintered. Mr. Moore was not certain that all doors leading from the house to the outside were locked when the last member of the family left prior to Mr. Moore's return.

Some time later that night, Mr. Moore drove to Honeycutt's Truck Stop—approximately one mile from his home—and, on arrival there, saw defendant and identified him to police as the man he had seen at his home earlier that night. Defendant had not been given permission to enter the Moore home.

Considering the evidence in the light most favorable to the State, and giving the State the benefit of reasonable inferences fairly deducible therefrom, we hold that the evidence was sufficient to survive the motion of nonsuit. The offense for which defendant was charged and found guilty renders it unlawful to break into *or* enter a dwelling with intent to commit a felony

therein, and the absence of evidence of *breaking* does not constitute a fatal defect of proof. *State v. Brown,* 266 N.C. 55, 145 S.E. 2d 297 (1965). The assignment of error is overruled.

We have carefully considered the other assignments of error brought forward and argued in defendant's brief but find them to be without merit, and they, too, are overruled.

No error.

Judges HEDRICK and CARSON concur.