John Bernice VESTER, Petitioner,

v.

D. C. LEWIS, Superintendent, Caledonia Prison Unit, Tillery, North Carolina, Respondent.

No. 75-0131-HC.

United States District Court, E. D. North Carolina, Raleigh Division.

Sept. 18, 1975.

Thomas B. Anderson, Jr., Durham, N. C., for petitioner.

Rufus L. Edmisten, Atty. Gen., Richard N. League, Asst. Atty. Gen., Raleigh, N. C., for respondent.

## MEMORANDUM OPINION AND ORDER

BUTLER, Senior District Judge.

Petitioner, a state prisoner, has filed an application for a writ of habeas corpus. Petitioner was tried at the October 1973 Session of the Superior Court of Wilson County upon a bill of indictment charging two offenses in violation of state laws: (1) breaking and entering with intent to commit a felony, and (2) larceny. He was convicted by a jury of breaking and entering with intent to commit a felony, and sentenced to a term of imprisonment of five (5) to seven (7) years. The larceny charge was dismissed by the presiding judge at the conclusion of the state's evidence upon a motion for nonsuit by petitioner's court-appointed counsel. Petitioner's direct appeal was affirmed by the North Carolina Court of Appeals on June 5, 1974. *State of North Carolina v. Vester,* 22 N.C.App. 16, 205 S.E.2d 556 (1974). His application to the North Carolina Supreme Court for a writ of certiorari was denied by order dated August 30, 1974. *State v. Vester,* 285 N.C. 668, 207 S.E.2d 760 (1974). A subsequent application for a writ of certiorari to the United States Supreme Court was denied by order dated January 13, 1975. *Vester v. North Carolina,* 419 U.S. 1116, 95 S.Ct. 795, 42 L.Ed.2d 814 (1975).

Petitioner alleges four (4) grounds in support of his application for a writ of habeas corpus: (1) he was denied effective assistance of counsel in violation of the Sixth Amendment in that the trial court, by denying his attorney's motion for a continuance, forced petitioner's attorney to proceed with the trial without adequate preparation; (2) he was denied due process of law in violation of the Fourteenth Amendment in that an in-court identification was the result of a pre-trial identification procedure which was impermissibly suggestive; (3) he was denied due process of law in that the state's evidence was insufficient to support his conviction; (4) he was denied due process of law in that incompetent evidence was admitted to impeach the principal defense witness.

The Attorney General of North Carolina, on behalf of the respondent, has filed an answer and motion to dismiss petitioner's application. Petitioner, through privately retained counsel, has filed a response to the respondent's motion to dismiss.

■ The court is of the opinion that petitioner has not exhausted available state court remedies with respect to his allegation of ineffective assistance of counsel. The text of the North Carolina Court of Appeals opinion affirming petitioner's conviction discloses that one of his assignments of error was the trial court's denial of his motion for a continuance. The court of appeals overruled said assignment of error finding no abuse of discretion in the trial court's ruling on petitioner's motion for a continuance. See, *State of North Carolina v. Vester,* 22 N.C.App. at p. 16, 205 S.E.2d 556. The United States Supreme Court has held that a state prisoner who seeks federal habeas corpus must present to the state courts the same claim he urges upon the federal courts, in order that it may be found that he has exhausted his state remedies. *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438

(1971). Once the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied. In *Picard v. Connor,* the habeas applicant challenged the validity of his indictment under Massachusetts state law at every stage of the proceedings in the state courts. However, until he reached the federal court, he had never contended that his indictment denied him equal protection of the laws. Thus, the equal protection claim had never been fairly presented to the courts of Massachusetts. The Supreme Court held . . . "that the substance of a federal habeas corpus claim must first be presented to the state courts. The claim that an indictment is invalid is not the substantial equivalent of a claim that it results in an unconstitutional discrimination." *Picard v. Connor,* 404 U.S. at p. 278, 92 S.Ct. at p. 513. The court is of the opinion that the instant case is indistinguishable from *Picard v. Connor.* The claim that the trial court erred in denying petitioner's motion for a continuance is not the substantial equivalent of the claim that petitioner was denied effective assistance of counsel. The court is aware that a claim of ineffective assistance of counsel ordinarily raises an issue collateral to the record and is, therefore, not cognizable on direct review. However, it does not appear from the record in the instant case that petitioner has presented his claim of ineffective assistance of counsel to the North Carolina courts in a post-conviction proceeding pursuant to N.C. Gen.Stat. § 15–217 et seq.

The court will dismiss without prejudice for failure to exhaust petitioner's claim of ineffective assistance of counsel. Moreover, the court is of the opinion that a ruling on the merits of petitioner's remaining claims would be premature. If a state court were to grant the petitioner relief on his claim of ineffective assistance of counsel, the state would have the option of releasing him or retrying him. In either event the possibility exists that the remaining claims will be mooted. See, *Francisco v.*

*Gathright,* Mem.Dec.No. 73–1313 (4th Cir. 1973).

Now therefore,

It is ordered that petitioner's application be, and the same is hereby, dismissed without prejudice for failure to exhaust available state remedies.