STATE OF NORTH CAROLINA v. LARRY BOOZE

No. 7510SC867

(Filed 5 May 1976)

Narcotics § 2— attempt to acquire drug by forged prescription — sufficiency of indictment

    In a prosecution for attempting to acquire the controlled substance Preludin by deception and forgery by using forged prescriptions and presenting them to two named pharmacists at specific drug stores, the bills of indictment were sufficient to charge the crime without setting out factual allegations as to the nature of the forged prescriptions or incorporating the forged prescriptions themselves in the bills. G.S. 90-108(10).

    Chief Judge BROCK dissents.

---

State v. Booze

---

APPEAL by defendant from *Clark, (Giles R.), Judge.* Judgments entered 20 August 1975 in Superior Court, WAKE County. Heard in the Court of Appeals 17 February 1976.

Defendant was tried and convicted on two bills of indictment charging him with the felonies of attempting to acquire the controlled substance Preludin (phenmetrazine) by deception and forgery by using forged prescriptions and presenting them to two named pharmacists at specific drug stores. Judgments imposing active prison sentences were entered.

*Attorney General Edmisten, by Associate Attorney Wilton E. Ragland, Jr., for the State.*

*George R. Barrett, for defendant appellant.*

VAUGHN, Judge.

Defendant contends that the bills of indictment are insufficient. The essentials of a valid bill of indictment have been stated as follows:

"The authorities are in unison that an indictment, whether at common law or under a statute, to be good must allege lucidly and accurately all the essential elements of the offense endeavored to be charged. The purpose of such constitutional provisions is: (1) such certainty in the statement of the accusation as will identify the offense with which the accused is sought to be charged; (2) to protect the accused from being twice put in jeopardy for the same offense; (3) to enable the accused to prepare for trial, and (4) to enable the court, on conviction or plea of *nolo contendere* or guilty to pronounce sentence according to the rights of the case." *State v. Greer,* 238 N.C. 325, 327, 77 S.E. 2d 917.

The first bill of indictment under attack in the case is as follows:

"INDICTMENT — FORGED PRESCRIPTION — No. 75CR36330

---

STATE OF NORTH CAROLINA          In The General Court
COUNTY OF WAKE                   of Justice, Superior
                                 Court Division

1st July Crim. 'R' Session, 1975

The State of North Carolina

v.

Larry Booze, Defendant

THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about the 4 day of June, 1975, in Wake County Larry Booze unlawfully and wilfully did feloniously and intentionally attempt to acquire and obtain possession of Preludin, a controlled substance included in Schedule II of the North Carolina Controlled Substances Act (phenmetrazine), by deception and forgery, to wit: by using a forged prescription and presenting it to pharmacist Charles Adams at Johnson Drug Store in Fuquay-Varina, North Carolina.

G.S. 90-98
G.S. 90-108 (10)

s/ BURLEY B. MITCHELL, JR.
Assistant District Attorney

WITNESSES:

X J. Gerrell (FVPD)

The witnesses marked 'X' were sworn by the undersigned foreman and examined before the grand jury, and this bill was found to be X a true bills

This 7 day of July, 1975.

s/ HARRY W. MOORE
Grand Jury Foreman"

The other indictment is identical except that it alleges that the attempt was made at a different drug store.

We hold that the indictments in these cases meet the essentials for a valid indictment set out in *Greer*. Not only do they follow the language of the statute, they are supplemented by factual allegations which explicitly set forth every element of the particular offense and the means by which the accused is alleged to have committed the crime. A person may attempt to violate G.S. 90-108 (10) by attempting to acquire a controlled substance by misrepresentation, fraud, forgery, deception or subterfuge. The bills before us allege the time and place and the persons from whom defendant attempted to acquire the

controlled substance. The controlled substance is identified. The particular illegal means by which defendant attempted to obtain the substance is not alleged disjunctively or in general terms. The illegal means are alleged with particularity, "by using a forged prescription and presenting it to" the named pharmacists. We hold that it was not necessary to make further factual allegations as to the nature of the forged prescriptions or to incorporate the forged prescriptions in the bills.

We have carefully considered defendant's remaining assignments of error and the same are overruled.

No error.

Judge CLARK concurs.

Chief Judge BROCK dissents.