STATE OF NORTH CAROLINA v. JOSEPH BERRY FLEMING

No. 8125SC87

(Filed 16 June 1981)

**1. Narcotics § 2— attempt to obtain narcotics by forged prescription—sufficiency of indictment**

    A bill of indictment was sufficient to charge the offense of attempting to obtain a controlled substance by use of a forged prescription in violation of G.S. 90-98 and G.S. 90-108(a)(10) where it followed the statutory language and

also alleged with particularity the illegal means by which defendant attempted to procure the controlled substance, it being unnecessary to incorporate the forged prescription in the bill of indictment.

**2. Criminal Law §§ 34.6, 85— forged prescription for controlled substance—evidence of presentation of other prescriptions**

In this prosecution for attempting to obtain the controlled substance Dilaudid by use of a forged prescription, evidence that defendant presented prescriptions for Dilaudid to the same pharmacist on two previous occasions did not constitute an attack upon defendant's character when it had not been placed in issue but was competent to show the pharmacist's ability to recognize and identify defendant as the person who presented the prescription at the time in question and to show guilty knowledge or intent or a plan or design.

**3. Criminal Law § 42.6— forged prescription—chain of custody**

The State showed a sufficient chain of custody of a forged prescription for controlled substances allegedly presented by defendant to a pharmacist where the pharmacist properly identified the prescription and testified that he saw defendant give it to his cashier, who wrote the address on the prescription and gave it to the pharmacist, and an SBI agent testified that he saw defendant give a paper to the cashier, who gave it to the pharmacist, that after defendant was arrested he received the prescription from the pharmacist, and that he retained the prescription in his possession until the court trial.

**4. Narcotics § 3— attempt to obtain narcotics with forged prescription—presumption of forgery or knowledge**

When a defendant in possession of a forged prescription for narcotics endeavors to obtain narcotics with it, a presumption arises that he either forged the prescription or had knowledge that it was a forgery.

**5. Narcotics § 4— attempt to obtain narcotics with forged prescription—sufficiency of evidence**

The State's evidence was sufficient for the jury in a prosecution for attempting to obtain the controlled substance Dilaudid by use of a forged prescription where it tended to show that defendant presented a prescription for Dilaudid to a pharmacist, the prescription was purportedly signed by a physician who testified that he did not sign it and did not authorize anyone to sign his name on the prescription blank, the prescription was written on a form of the N. C. Memorial Hospital, the physician never used such forms and did not ever prescribe for the patient named on the prescription, since the evidence was sufficient to show that the prescription was forged, and since a permissive presumption arose from the evidence that defendant either forged the prescription or had knowledge that it was a forgery.

APPEAL by defendant from *Strickland, Judge.* Judgment entered 28 August 1980 in Superior Court, BURKE County. Heard in the Court of Appeals 26 May 1981.

Defendant was convicted of intentionally attempting to obtain a controlled substance by use of a forged prescription, a violation of N.C.G.S. 90-98 and 90-108(a)(10). The evidence showed that defendant, a resident of Durham, North Carolina, presented a prescription for Dilaudid to employees of Revco Discount Drug Store in Morganton, North Carolina. The prescription was given to the pharmacist, William Andrew Merrill, but was not filled by him because defendant was arrested at that time by two SBI officers. The officers had received information that defendant would present the prescription for filling at that store.

The prescription was written on a prescription form of the North Carolina Memorial Hospital, Chapel Hill, North Carolina, designating Dave Conley as the patient. The form was purportedly signed by Dr. Mark Dellasega. Dr. Dellasega testified that he did not sign the prescription and did not authorize anyone to sign his name on the prescription blank. He had never had a Dave Conley as a patient. Defendant had been in the store on two previous occasions when he presented prescriptions for Dilaudid, which were filled.

From the judgment of imprisonment, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Sandra M. King, for the State.*

*Triggs & Mull, by John R. Mull, for defendant.*

MARTIN (Harry C.), Judge.

[1] Defendant moved to quash the bill of indictment and assigns as error the court's failure to allow the motion. The pertinent parts of the bill are:

THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about the 21st day of June, 1980, in Burke County Joseph Berry Fleming unlawfully and wilfully did feloniously and intentionally attempt to acquire and obtain possession of Dilaudid (Hydromorphone), a controlled Substance included in Schedule II of the North Carolina Controlled Substances Act, from William Andrew Merrill, Pharmacist, by forgery in that defendant presented to William Andrew Merrill, a registered Pharmacist at Revco Discount Drug Store, Inc., a Corporation, 464 E. Fleming Drive,

Morganton, North Carolina, a forged prescription dated 6/19/80 made out to Dave Conley, for sixty (60) Dilaudid 4 mg tablets; said prescription being written on a prescription form from the North Carolina Memorial Hospital, University of North Carolina, Chapel Hill, North Carolina with the forged signature of Mark Dellasega, M.D., appearing thereon, in violation of GS 90-98; 90-108(a)(10).

The standard to be applied in testing a bill of indictment is stated in *State v. Greer*, 238 N.C. 325, 327, 77 S.E. 2d 917, 919 (1953):

> The authorities are in unison that an indictment, whether at common law or under a statute, to be good must allege lucidly and accurately all the essential elements of the offense endeavored to be charged. The purpose of such constitutional provisions is: (1) such certainty in the statement of the accusation as will identify the offense with which the accused is sought to be charged; (2) to protect the accused from being twice put in jeopardy for the same offense; (3) to enable the accused to prepare for trial, and (4) to enable the court, on conviction or plea of *nolo contendere* or guilty to pronounce sentence according to the rights of the case.

We hold the present indictment meets the standard established by *Greer*. The language of the statute is followed, and it is supplemented by particular allegations of specific facts that set out all the elements of the offense and describe how defendant is alleged to have committed the crime. N.C.G.S. 90-108(a)(10) may be violated by attempting to acquire a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge. The illegal means by which defendant attempted to procure the controlled substance is alleged with particularity: "defendant presented to William Andrew Merrill, a registered Pharmacist at Revco Discount Drug Store, Inc., a Corporation, 464 E. Fleming Drive, Morganton, North Carolina, a forged prescription dated 6/19/80 made out to Dave Conley, for sixty (60) Dilaudid 5 mg tablets . . . with the forged signature of Mark Dellasega, M.D., appearing thereon . . .." This assignment of error is controlled by *State v. Booze*, 29 N.C. App. 397, 224 S.E. 2d 298 (1976), where the Court held that it was not necessary to incorporate the forged prescription in the bill. The assignment of error is overruled.

[2]  Defendant contends the court erred in admitting evidence of previous occasions when defendant presented prescriptions for Dilaudid to pharmacist Merrill. Defendant argues this was an attack upon his character when it had not been placed in issue in the case. We disagree. The evidence was competent on at least two grounds: (1) to show Merrill's ability to recognize and identify defendant as being the person who presented the prescription at the time in question, *State v. Tate*, 210 N.C. 613, 188 S.E. 91 (1936); 1 Stansbury's N.C. Evidence § 92 (Brandis rev. 1973), and (2) to show guilty knowledge or intent or a plan or design. *State v. Grace*, 287 N.C. 243, 213 S.E. 2d 717 (1975) (plan, identity); *State v. Painter*, 265 N.C. 277, 144 S.E. 2d 6 (1965) (intent); *State v. Boynton*, 155 N.C. 456, 71 S.E. 2d 341 (1911) (plan or design); *State v. Wilkerson*, 98 N.C. 696, 3 S.E. 683 (1887) (intent); *State v. Twitty*, 9 N.C. 248 (1822) (guilty knowledge). The assignments of error with respect to this evidence are overruled.

[3]  Defendant contends that the prescription in question in this case, and two prescriptions that defendant had previously presented at the store, were improperly admitted as evidence. He argues the state failed to show a proper chain of custody of the exhibits. The purpose of showing a chain of custody of a document is to prove that it is in the same condition with respect to its material parts as at the time of the event. *See State v. Coble*, 20 N.C. App. 575, 202 S.E. 2d 303, *appeal dismissed*, 285 N.C. 236 (1974); *State v. Brooks*, 15 N.C. App. 367, 190 S.E. 2d 338 (1972). The witness Merrill properly identified the prescription in question in this case. He testified that he saw defendant give it to Debbra Ramsuer, his cashier, and that she wrote the address on the prescription and gave it to Merrill. SBI agent Readling testified that he saw defendant give a paper to the cashier, who gave it to the pharmacist, and that after defendant was arrested Readling received the prescription from the pharmacist. Readling retained the exhibit in his possession until the court trial. The evidence complained of was properly identified and received in accord with the rule in *State v. Winford*, 279 N.C. 58, 181 S.E. 2d 423 (1971). Although some of the evidence showing the chain of custody of the exhibit was produced after the exhibit was admitted into evidence, no prejudicial error results. *See id.* The assignment of error is overruled.

[4, 5]   We hold that the trial court did not err in denying defend-
ant's motions for directed verdict and to set the verdict aside.
There is ample evidence to submit to the jury the question of
whether the prescription was forged. The evidence shows that
Dr. Dellasega's name was on the prescription and that he did not
write it or give anyone permission to do so. Further, the prescrip-
tion was on a Memorial Hospital form and Dr. Dellasega never
used such forms, nor did he ever prescribe for a "Dave Conley."
The pharmacist testified that under ordinary circumstances he
would have filled the prescription. When a defendant is found
with a forged paper and is endeavoring to obtain property with it,
a presumption arises that he either forged the paper or had
knowledge that it was a forgery. *State v. Welch*, 266 N.C. 291, 145
S.E. 2d 902 (1966); *State v. Jestes*, 185 N.C. 735, 117 S.E. 385
(1923); *State v. Jordan*, 13 N.C. App. 254, 185 S.E. 2d 332 (1971),
*cert. denied*, 280 N.C. 303 (1972). The reasons for the presumption
are stated by Chief Justice Ruffin in *State v. Morgan*, 19 N.C. 348
(1837). The presumption is permissive only, not conclusive, and
does not violate any of defendant's due process rights. It leaves
the jury free to accept or reject the inference and does not shift
the burden of proof.

The application of the presumption in this case is in accord
with *Ulster County Court v. Allen*, 442 U.S. 140, 60 L.Ed. 2d 777
(1979), and *Leary v. United States*, 395 U.S. 6, 23 L.Ed. 2d 57
(1969). Under the facts of this case, the jury could rationally make
the connection permitted by the inference. The presumption is
not the sole and sufficient basis for the finding of guilt. The
presumed fact, the forgery or knowledge of the forgery, is more
likely than not to flow from proof of the basic facts, that defend-
ant had the forged prescription and was attempting to procure
the drug by its use. *See State v. Roberts*, 51 N.C. App. 221, 275
S.E 2d 536 (1981). There is a rational connection between the
basic and the elemental facts; that is, upon proof of the basic
facts, the elemental facts are, more likely than not, true. Also,
other evidence in the case, when considered along with the in-
ference of presumption, is sufficient for the jury to find beyond a
reasonable doubt the elemental facts, that defendant forged the
prescription or knew that it was a forgery. The burden was not
shifted to defendant to disprove an elemental fact of the charge.
*Ulster County Court, supra.*

Defendant states that the court erred in its charge; however, no argument is made directing our attention to any challenged portion of the charge. The charge with respect to forgery is in accord with *State v. Phillips*, 256 N.C. 445, 124 S.E. 2d 146 (1962).

In defendant's trial we find

No error.

Judges HEDRICK and WELLS concur.