STATE OF NORTH CAROLINA v. LARRY TATE

No. 8415SC442

(Filed 19 March 1985)

1. **Burglary and Unlawful Breakings § 5.9— evidence sufficient for jury**

   Defendant's motion to dismiss charges of breaking and entering and larceny of Hursey's Bar-B-Q was properly denied where Hursey's owner testified that his walk-in refrigerated box was broken into and barbeque was removed without permission, and an accomplice in other break-ins testified that defendant had admitted to him on the night of the break-in that the large quantity of barbeque in boxes and buckets in defendant's car was taken from Hursey's.

2. **Burglary and Unlawful Breakings § 4; Criminal Law § 34.8— accomplice testimony of other break-ins—admissible**

   In a prosecution for breaking and entering and larceny, the trial court did not err by denying defendant's motion *in limine* to prohibit testimony about a misdemeanor breaking and entering to which he had pled guilty or by admitting evidence of other crimes in which defendant was involved. The break-in to which defendant pled guilty was factually similar to the break-ins and larcenies charged, a four-month period between the crimes is not too tenuous a

connection to show a common plan or scheme, and the trial court gave a proper limiting instruction.

**3. Criminal Law § 88.1— cross-examination limited—no error**

The trial court did not abuse its discretion by not allowing defendant to ask an accomplice who testified for the State why he signed an affidavit of indigency.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 19 August 1983 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 17 January 1985.

Defendant was found guilty of four counts of felonious breaking and entering pursuant to G.S. 14-54(a) and five counts of felonious larceny pursuant to G.S. 14-72(b)(2) with regard to five businesses in Alamance County in the fall of 1982. The State's evidence tended to show that the businesses were entered without permission and that items were unlawfully removed from each: On 9 September 1982, Hursey's Bar-B-Q, Inc. was broken into and approximately 800 pounds of barbeque was stolen; on 5 October 1982, C & D International, Inc., a farm equipment business, was broken into and tools and $3,569.94 was stolen; on 14 October 1982, Somer's Seafood was broken into and quantities of fish, oysters, chicken and shrimp were stolen; on 15 October 1982, Payne Oil Company was broken into and a variety of tools and $14 was stolen; and on 5 November 1982, Glencoe Salvage Company was broken into and assorted watches, knives, tools and radios were stolen.

The State's evidence connecting defendant to these crimes consisted mainly of the testimony of Michael D. Clark, who had committed these crimes with defendant and was testifying against Tate pursuant to a plea bargain. Clark also testified that in the fall of 1982, prior to the charged offenses which he and defendant had committed together, he and defendant rode around breaking into houses and stores near Highway 49 in Orange County. As to the charged offenses except for the Hursey's Bar-B-Q break-in on 9 September 1982, Clark testified that he rode with defendant and broke into the businesses on 5 October, 14 October, 15 October, and 5 November 1982 while defendant drove back and forth. Clark then, by himself or with defendant's aid, would load the items he had taken into defendant's car. Clark and Tate would then sell the items and split the proceeds.

On the night of 9 September 1982, however, Clark rode with defendant and others in the vicinity of Hursey's Bar-B-Q, got out of defendant's car to visit a friend at a nearby laundromat, saw defendant's car pull into a parking lot on the side of Hursey's and was picked up by defendant again in that area later that night. When Clark got back into defendant's car, he noticed a large quantity of meat in buckets and boxes. When questioned by Clark, Tate admitted that it had come from Hursey's.

Defendant filed a motion in limine, which was denied, to suppress any evidence of a misdemeanor breaking and entering charge of 24 March 1983, to which defendant pled guilty and was currently serving a sentence. Clark testified that he began acting as an informant when he turned himself in to the police in February, 1983 and that defendant approached him in March, 1983 about breaking into the place where Tate worked. After Clark informed the police, Tate picked up Clark and drove to another business, Glencoe Salvage; defendant and Clark were arrested by police after the two had removed the window casing and crawled inside.

Two detectives corroborated Clark's testimony, stating that Clark had given each a similar statement of his involvement with defendant and others in the charged crimes and that Clark had proved to be a reliable informant. On cross-examination, defendant's attorney asked Clark why he had filled out an affidavit of indigency to obtain a court-appointed lawyer. The trial court sustained the State's objection to this question.

Defendant offered no evidence.

From the judgments entered against him, defendant appeals.

*Attorney General Edmisten, by Associate Attorney General Victor H. E. Morgan, Jr., for the State.*

*Craig T. Thompson for defendant appellant.*

EAGLES, Judge.

[1] We first consider whether the trial court erred when it denied defendant's motion to dismiss the breaking and entering and larceny charges with regard to Hursey's Bar-B-Q, 83CRS8529. Defendant contends that the evidence was contradictory and in-

sufficient to go to the jury or to sustain a conviction. We disagree.

Any evidence tending to prove defendant's guilt or which reasonably and logically leads to that conclusion is for the jury to consider. *State v. Smith,* 291 N.C. 505, 231 S.E. 2d 663 (1977). Here the State's evidence, considered in the light most favorable to the State, was sufficient to show that defendant committed the larceny at Hursey's Bar-B-Q. Hursey's owner testified that his walk-in refrigerated box was broken into and barbeque was removed without his permission. Clark testified that defendant admitted to him on the night of the break-in that the large quantity of warm barbeque in buckets and boxes in defendant's car was taken from Hursey's. There was substantial evidence of the essential elements of larceny: (1) the wrongful taking and carrying away of another's personal property without his consent, and (2) the intent to permanently deprive the owner of his property and to appropriate it to his own use. *State v. Smith,* 66 N.C. App. 570, 312 S.E. 2d 222, *disc. rev. denied,* 310 N.C. 747, 315 S.E. 2d 708 (1984). *See,* G.S. 14-72(b). All contradictions and discrepancies in the evidence were for the jury to resolve. *State v. Lowery,* 309 N.C. 763, 309 S.E. 2d 232 (1983).

**[2]**  Defendant also asserts three evidentiary errors: (1) denial of his motion in limine to suppress State's evidence of defendant's participation in and sentence for the 24 March 1983 breaking and entering of Glencoe Salvage; (2) admission of testimony concerning other similar crimes committed by defendant and Clark in the fall of 1982; and (3) restrictions on defendant's cross-examination of the State's witness, Michael Clark. We disagree and find no error.

**[2]**  Defendant contends that the trial court erred when it permitted the State's witness, Michael Clark, to make references to his involvement with defendant in similar crimes. In support of his motion in limine to prohibit testimony of defendant's breaking and entering charge on 24 March 1983, defendant argues that the crime was not sufficiently similar and was too remote in time to those charged to be admissible. We disagree and hold that the motion in limine was properly denied and the testimony was admissible.

The complained-of evidence tends to establish a common plan or scheme "embracing the commission of a series of crimes so related to each other that proof of one or more tends to . . . connect the accused with its commission." *State v. Sink*, 31 N.C. App. 726, 729, 230 S.E. 2d 435, 437 (1976), quoting, *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954); *State v. Grace*, 287 N.C. 243, 213 S.E. 2d 717 (1975). *See, State v. Fleming*, 52 N.C. App. 563, 279 S.E. 2d 29 (1981). The 24 March 1983 break-in to which defendant pled guilty was factually similar to the other break-ins and larcenies charged. On 24 March 1983 Clark and defendant rode in defendant's car to a business they decided to break into; Clark tried to break-in by lifting off the window casing while Tate stayed away in the woods. Unable to lift the casing, Clark went back to defendant for help. In each of the charged crimes, Clark rode with defendant in defendant's car and would get out of the car and break into a business while Tate drove away from the scene. Tate would then return, arriving only to help load the stolen goods into his car. This evidence established a concurrence of common features explained as being caused by a general plan. *See*, 2 Wigmore on Evidence § 304 (3d ed. 1940).

We find no prejudicial error and see no merit to defendant's claim that the four months elapsed is too tenuous a connection to show a common plan or scheme. *State v. Barfield*, 298 N.C. 306, 259 S.E. 2d 510 (1979), *cert. denied*, 448 U.S. 907, 65 L.Ed. 2d 1137, 100 S.Ct. 3050, *reh. denied*, 448 U.S. 918, 65 L.Ed. 2d 1181, 101 S.Ct. 41 (1980) [where the court allowed evidence of persons defendant admitted poisoning over a four-year period as part of the State's evidence for first degree murder]; *State v. Duncan*, 290 N.C. 741, 228 S.E. 2d 237 (1976) [where the court allowed evidence of other burglaries in several states over a seven-month period committed prior to the charged crime, which was to the effect that defendant, two witnesses and others were members of a group which, over a period of time, burglarized houses]. *See, State v. Hunter*, 290 N.C. 556, 227 S.E. 2d 535 (1976), *cert. denied*, 429 U.S. 1093, 51 L.Ed. 2d 539, 97 S.Ct. 1106 (1977). We note that the trial court gave a proper limiting instruction:

Now, members of the jury, you've heard this witness and also Mr. Clark talk about the alleged breaking and entering at Glencoe on March 24th of this year. Now this was offered for the purpose of showing, if you find it does show, that

there existed in the mind of the defendant a plan or a scheme involving the same crime charged in this—the same—involving the same type crime that he's charged with here. You cannot convict him on these crimes he is now charged with because—merely because he did something on March 24th. He is not charged with that break-in. You may consider it only for the purpose if you find it does show a plan or scheme in the mind of the defendant to commit these other break-ins.

Evidence of the other crimes in which defendant was involved in the fall of 1982, and to which defendant objects, is admissible. We see no prejudice to defendant here. We note that the effect of the complained-of testimony was carefully circumscribed by the trial court in its limiting instructions. We find that any error in admission of evidence of other crimes is harmless and not prejudicial based on the plenary direct evidence by Michael Clark that he and defendant committed the charged offenses.

[3] Finally, defendant assigns as error the trial court's limitation of his cross-examination of the State's main witness, Michael Clark. Defendant contends that he should have been permitted to ask Clark *why* he signed an affidavit of indigency permitting him to obtain a court-appointed lawyer. Foregoing consideration of its questionable relevancy, we note that the scope of cross-examination rests largely within the trial court's discretion. *State v. Ziglar,* 308 N.C. 747, 304 S.E. 2d 206 (1983). We find no abuse of discretion and overrule the assignment of error.

No error.

Judges ARNOLD and WELLS concur.