STATE OF NORTH CAROLINA,
v.
ANTHONY DUKES A/K/A ANTHONY JEROME FEARRINGTON, Defendant.
No. COA09-1002.
Court of Appeals of North Carolina.
Filed March 2, 2010.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Rebecca E. Lem, for the State.
Winifred H. Dillon for defendant-appellant.
GEER, Judge.
Defendant Anthony Dukes appeals from his conviction of felonious breaking and entering, larceny after breaking and entering, and being a habitual felon. Defendant contends that the trial court erred when it denied his motion to dismiss the charge of felonious breaking and entering and that the sentence imposed on him as a habitual felon constitutes cruel and unusual punishment. Because substantial evidence supported the felonious breaking and entering charge, and because defendant's sentence was properly imposed pursuant to recidivist statutes, we find no error.

Facts
On 9 July 2007, Jessica Serico and Ginette Rowe, students at the University of North Carolina at Chapel Hill, shared a house at 114 Mallette Street in Chapel Hill. Sometime before 8:00 a.m. that morning, Serico went downstairs and discovered that her $2,000.00 laptop, purse, wallet, some jewelry, backpack, and beach bag were missing. Serico also saw that the pantry had been rifled through, some meat was taken, an uncooked pork chop had been bitten into and left on the counter, and a cake looked as if a hand had been pressed through it and some of it eaten. Serico then woke Rowe, who discovered that her purse, clutch, and camera were also missing. Serico called the police. The officers who responded to the call believed that the back door had been forced open with some kind of tool.
A few hours later, James Spencer arrived at a home he owned at 125 Mallette Street to do some cleaning and repairs. The home was a rental property and vacant at the time. When Spencer entered the home, he saw a man sleeping on a mattress on the living room floor. There were purses, wallets, and other items lying on the floor around the mattress and outside the house. When Spencer told the man to get out of the house, the man got up, picked up a laptop, and left. Spencer then called the police, who photographed the items the man left behind. Serico and Rowe subsequently identified their missing property from the photographs of the items at Spencer's property, and Spencer identified defendant from a police photo lineup as the man in his house.
Two days later, officers responded to a call about a suspicious man attempting to enter other homes approximately three blocks away from Spencer's house. Officers found defendant apparently doing his laundry in a nearby vacant house with a "for sale" sign out front.
Defendant was indicted for felonious breaking and entering, larceny after breaking and entering, and having attained habitual felon status. A jury found defendant guilty of both charges and of being a habitual felon. The trial court consolidated the convictions into one presumptive-range term of 156 to 197 months imprisonment. Defendant timely entered written notice of appeal to this Court.

Discussion
Defendant first argues that the trial court erred when it denied his motion to dismiss the charge of felonious breaking and entering because the State presented insufficient evidence to prove that he had the intent to commit larceny at the time he entered the victims' home. We disagree.
"In ruling upon a motion to dismiss, the trial court must determine if the State has presented substantial evidence of each essential element of the offense." State v. Reid, 151 N.C. App. 379, 382, 565 S.E.2d 747, 750, appeal dismissed and disc. review denied, 356 N.C. 622, 575 S.E.2d 522 (2002). "Whether the evidence presented is substantial is a question of law for the court." State v. Siriguanico, 151 N.C. App. 107, 109, 564 S.E.2d 301, 304 (2002). "Evidence is substantial if it is relevant and adequate to convince a reasonable mind to accept a conclusion." State v. Parker, 354 N.C. 268, 278, 553 S.E.2d 885, 894 (2001), cert. denied, 535 U.S. 1114, 153 L. Ed. 2d 162, 122 S. Ct. 2332 (2002). When considering a defendant's motion to dismiss, "the trial court must analyze the evidence in the light most favorable to the State and give the State the benefit of every reasonable inference from the evidence." Id.
"The essential elements of felonious breaking or entering are (1) the breaking or entering (2) of any building (3) with the intent to commit any felony or larceny therein." State v. Williams, 330 N.C. 579, 585, 411 S.E.2d 814, 818 (1992). "'[A]n unexplained breaking and entering into a dwelling house in the nighttime is in itself sufficient to sustain a verdict that the breaking and entering was done with the intent to commit larceny rather than some other felony.'" State v. Hedrick, 289 N.C. 232, 236, 221 S.E.2d 350, 353 (1976) (quoting State v. Moore, 277 N.C. 65, 73, 175 S.E.2d 583, 589 (1970)). In the absence of another explanation for breaking and entering a building without consent, such intent may be inferred from the circumstances of the case. State v. Myrick, 306 N.C. 110, 115, 291 S.E.2d 577, 580 (1982).
Here, viewed in the light most favorable to the State, overwhelming evidence showed that defendant intended to commit a larceny when he entered the victims' home. Although defendant specifically challenges the evidence supporting the element of intent, claiming that the evidence showed that he only intended to take food from the victims, he ignores the fact that taking food without permission while intending to permanently deprive the owner of its use constitutes a larceny. See State v. Tate, 73 N.C. App. 573, 576, 327 S.E.2d 27, 29 (1985) (concluding that elements of larceny were supported by evidence where restaurant owner testified refrigerator was broken into and barbeque was stolen). Additionally, just hours after the break-in, Spencer found defendant in a nearby home with many of the missing items, including the laptop, which he carried with him when he left Spencer's house. This evidence further supported an inference that defendant intended to take valuable property from the home. We, therefore, hold that the trial court properly denied defendant's motion to dismiss the charge of felonious breaking and entering.
Defendant next argues that the habitual felon sentence enhancement for the substantive offenses constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. Defendant, however, acknowledges in his brief that our Supreme Court has held that enhanced sentences properly imposed pursuant to recidivist statutes, including the Habitual Felon Act, are not so grossly disproportionate as to violate the Eighth Amendment. State v. Todd, 313 N.C. 110, 119, 326 S.E.2d 249, 254 (1985). In this case, defendant is not being sentenced to the 156 to 197 months term solely because of the 9 July 2007 crimes, but rather because of his 20-year pattern of recidivism. We, therefore, hold that defendant's sentence is constitutional.
No error.
Judges McGEE and ROBERT HUNTER, JR. concur.
Report per Rule 30(e).